[1] This is an action for divorce. Plaintiff's petition was based upon general indignities. Defendant filed his cross-petition, which, likewise alleged general indignities. At the conclusion of the evidence the court took the case under advisement and later entered a decree dismissing plaintiff's petition and granting defendant a divorce on his cross-petition. Plaintiff has appealed.
[2] Plaintiff and defendant were widow and widower prior to their marriage in October, 1927, she having two minor sons at that time and he a minor daughter and son. The actual separation between plaintiff and defendant took place in August, 1947, although they had not occupied the same bed since 1938.
[3] In view of the action that we are compelled to take it will be unnecessary to recite the facts disclosed in the record before us. Respondent filed his motion to dismiss plaintiff's appeal for the reason that she has violated Rule 1.8 of the Supreme Court concerning appeals in the following particulars:
[4] "1. Appellant has failed to make a fair and concise statement of the facts in her *Page 378 
brief in that she has omitted from said statement of facts all of the evidence introduced by Respondent upon which evidence the court granted the Respondent a decree of divorce, and no where in appellant's statement of facts in her brief can be found any of the evidence introduced by Respondent.
[5] "2. Appellant has violated the above rule of court concerning briefs by failing to make a fair and concise statement of facts, but instead practically all of Appellant's purported statement of facts instead of being a statement of facts are Appellant's conclusions of fact and law, and fails to state facts but merely Appellant's conclusions as aforesaid.
[6] "3. Appellant has violated the above rule of the Supreme Court concerning the preparation of briefs in that Appellant has stated facts that are wholly untrue, has misrepresented the facts, and has grossly distorted the actual facts, so that Appellant has failed to make a fair and concise statement of facts as required by said rule."
[7] This motion was taken and submitted with the case. Respondent has filed no statement, or brief upon the merits, electing to stand upon his motion to dismiss.
[8] After a careful examination of all the evidence in this transcript, a mere reading of the statement of facts in appellant's brief discloses that appellant has ignored the evidence presented on behalf of respondent. His evidence, in effect, discloses that, although, for years he had been a very sick man, suffering from broncho-asthma, resulting in irreparable damage to his heart and compelled to take adrenalin and, in addition, was allergic to certain foods, he continued in his regular employment and properly supported plaintiff; that notwithstanding defendant's physical condition plaintiff constantly nagged at him, many times threatened to leave him, failed to prepare his meals, expressed dissatisfaction over financial matters, sought her own employment over his objection, and finally deserted him, taking with her practically all of the household goods accumulated during the marriage. No intimation of this situation can be found in appellant's statement.
[9] It is well established even under the liberal interpretation of the new rules concerning appeals that such an omission is not substantial compliance with the rules and is fatal to the appeal. Thus, in the case of Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282, loc. cit. 283, the Supreme Court, in discussing Rule 1.08, said: "* * And a statement which omits the essential facts on which an appellant's adversary relies cannot be deemed a substantial compliance with said rule. * * *"
[10] This court, in a similar situation, in the case of Jacob Dold Packing Co. v. General Box Co., Mo.App., 186 S.W.2d 216, loc. cit. 217, said: "It will be seen, from an examination of the statement that the evidence on behalf of the plaintiff is not stated, and what evidence on behalf of the defendant, as is stated, is interspersed with the conclusions of the appellant. This brief statement confined to defensive matters, in connection with which no facts are stated as to plaintiff's evidence, gives us no intelligent understanding of the facts of the case. Under the circumstances, the appeal should be dismissed".
[11] To the same effect is the holding by this court in the case of McHenry v. Wabash R. Co., 216 S.W.2d 538.
[12] The purported statement of facts is really not a statement of facts at all, for the additional reason that practically all the facts in the statement are in the form of appellant's conclusions. Throughout appellant's statement are the expressions: "Appellant introduced evidence which was to the effect that * * *." "Appellant introduced testimony tending to prove that * * *," and "the evidence further proved that * * *."
[13] As said in the Jacob Dold Packing Co. case, supra: "and what evidence on behalf of the defendant, as is stated, is interspersed with the conclusions of the appellant." The penalty under Rule 1.15 for violation of Rule 1.08 is dismissal of the appeal or the affirmance of the judgment "unless good cause is shown or the interests of justice otherwise require."
[14] Appellant has not shown good cause and we are convinced, from a careful examination *Page 379 
of all of the evidence in the transcript, that the interests of justice do not require us to act otherwise. On the other hand, we think that this case fails peculiarly within the rule announced many times by the appellate courts of this state that, in divorce suits, great deference should be paid to the finding of the trial judge, who had the parties and the witnesses before him and was in a much better position to judge of their credibility than is this court. This record discloses that throughout the trial an earnest effort was made by the learned trial court to ascertain the facts.
[15] Respondent requests that the appeal be dismissed. It is so ordered.
[16] All concur.