Stanley N. GLICK (Plaintiff) Respondent,

v.

Judith GLICK (Defendant) Appellant.

No. 31085.

St. Louis Court of Appeals.
Missouri.

Sept. 18, 1962.

Moss H. Silverforb, Kansas City, and Robert A. McIlrath, Flat River, for appellant.

J. Richard Roberts, and Roberts & Roberts, Farmington, for respondent.

JAMES D. CLEMENS, Special Judge.

This is the second appeal by defendant wife in this case. She previously appealed from the trial court's interlocutory judgment on allowances pendente lite. See Glick v. Glick, Mo.App., 336 S.W.2d 528, in which this court upheld the adequacy of those allowances.

In the subsequent trial on the merits, the plaintiff sought a divorce, and the defendant sought separate maintenance. The trial court granted the plaintiff a divorce, gave defendant custody of the parties' child, and ordered plaintiff to pay defendant $175.00 monthly for child support and an additional attorney fee of $750.00 for the trial of the case. Defendant appeals. She here challenges (1) the validity of the decree because it did not specifically rule on her cross-petition for separate maintenance, (2) the sufficiency of credible evidence to support the decree, and (3) the adequacy of allowances.

At the portal of our consideration of the defendant's appeal we are met with plaintiff's motion to dismiss the appeal for defendant's failure to comply with Supreme Court Rule 83.05(a) (2), and (c) V.A.M.R. Defendant did not respond to the motion to dismiss her appeal by seeking a continuance or asking leave to amend her brief. The motion was taken with the case. Rule 83.05(a) (2) requires that a brief shall contain: "A fair and concise statement of the facts without argument;" (c) provides: "The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. * * *"

In her statement of facts the defendant used more than two printed pages of her brief to relate her own testimony as to the plaintiff's alleged misconduct. By contrast, in reference to plaintiff's testimony as to defendant's alleged misconduct, she has only this to say: "* * * they were constantly fighting and bickering and that she had used physical violence on him." In fact, the plaintiff had testified that defendant (a) struck him on frequent occasions, raked her nails across his face, threw ash trays and other objects at him, broke his glasses and threatened to stab him, (b) wanted him to change his place of residence and practice, over his protest, (c) told him that he was useless, not fit to live with her and was more or less just a country hick, (d) told him on numerous occasions that she hated him, (e) did not keep a clean house, (f) frequently accused him of being unfaithful, (g) told other persons that plaintiff tried to kill her, (h) made numerous and harassing telephone calls to him at his place of employment, (i) ordered him out of the house on several occasions, (j) used profanity, (k) that their son was present on most of these occasions, and (l) defendant would tell their son that plaintiff was no good, was useless, and not a good husband or a good father. This omitted evidence was of the essence of the case, and vital to the questions presented here for determination. Further, the defendant's statement of facts is interspersed with references to other parts of plaintiff's evidence as being "confusing", "vague", "uncertain", "a jumble of unexplained reasoning" and "razzle dazzle." In sum, the defendant's statement of facts was unfair and argumentative; and it did not state the evidence

which was relevant to the issues presented on appeal. It clearly violated the cited rule. See the case of Kleinhammer v. Kleinhammer, Mo.App., 225 S.W.2d 377, 1. c. 378 [1], holding that even under a liberal interpretation of the new rules concerning appeals such an omission is fatal to the appeal, and quoting from the case of Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282, 1. c. 283: " * * * And a statement which omits the essential facts on which an appellant's adversary relies cannot be deemed a substantial compliance with said rule. * * * " (Now Mo.Sup.Ct. Rule 83). See also Jacob Dold Packing Co. v. General Box Co., Mo.App., 186 S.W.2d 216, 217; and Turner v. Calvert, Mo., 315 S.W. 2d 118 [1].

■ The purpose of Rule 83.05(a) (2) and (c) is tersely stated in Wipfler v. Basler, Mo., 250 S.W.2d 982(3):

> "The statement of facts * * * is primarily to afford an immediate, accurate, complete and unbiased understanding of [the] facts of [the] case * * *."

The rules of appellate practice are intended to facilitate the work of the court and litigants in order that the issues may be presented and considered in an orderly manner. Those who seek to have their cases reviewed should substantially comply with those rules. See Walker v. Thompson, Mo., 338 S.W.2d 114(9, 10). In that case, the Supreme Court followed its early holding in the case of Sullivan v. Holbrook, 211 Mo. 99, 1. c. 104, 109 S.W. 668, 1. c. 670, where it said:

> "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case."

See also Jacobs v. Stone, Mo., 299 S.W.2d 438, 1. c. 440 [2, 3]; and Ambrose v. M. F. A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, 1. c. 648.

Because the defendant's brief shows such a clear violation of our rules, we have decided that the plaintiff's motion should be sustained and the appeal dismissed. Mo. Sup.Ct. Rule 83.09 so directs "unless good cause is shown or the interests of justice otherwise require." In finding against that contingency we adopt the language of the Kansas City Court of Appeals in the Kleinhammer case, supra, 225 S.W.2d 377, 1. c. 378–379:

> "Appellant has not shown good cause and we are convinced, from a careful examination of all of the evidence in the transcript, that the interests of justice do not require us to act otherwise. On the other hand, we think that this case falls peculiarly within the rule announced many times by the appellate courts of this state that, in divorce suits, great deference should be paid to the finding of the trial judge, who had the parties and the witnesses before him and was in a much better position to judge of their credibility than is this court. This record discloses that throughout the trial an earnest effort was made by the learned trial court to ascertain the facts."

This appeal should be dismissed, and it is so ordered.

ANDERSON, P. J., and WOLFE, J., concur.