Linda **RITTER**, Plaintiff-Respondent,

v.

Charles W. **RITTER**, Defendant-Appellant.

No. 8409.

Springfield Court of Appeals.

Missouri.

Aug. 20, 1965.

Roy Coyne, Joplin, for defendant-appellant.

Elroy S. Thomas, Joplin, for plaintiff-respondent.

## PER CURIAM.

This is a divorce and custody case. Plaintiff wife's petition was based on indignities in physical and verbal abuse, use of intoxicants to excess, and harassment of plaintiff and the children. It prayed for custody of the two children (a boy age nine and a girl age three at time of trial). Defendant husband answered by denial, and with a cross-petition alleging that plaintiff would leave the house at all hours day and night and leave the children; and that plaintiff had been associating with other (unnamed) men on different occasions without his consent. Decree was for divorce, custody, support for the children at twenty dollars per week, and alimony at five dollars per week, to plaintiff mother, with right of visitation of the children at reasonable times. Defendant has appealed.

We are first confronted with respondent's motion to dismiss for failure to comply with Civil Rule 83.05 V.A.M.R. in regard to statement. A comparison of appellant's statement with the transcript demonstrates that he has accorded considerable detail to testimony which he regards as favorable to the appellant and has given considerably less emphasis to that which is unfavorable to him. In some instances he has completely omitted such testimony, and in at least one instance he has, inadvertently we are sure, misquoted the testimony. We realize that earnest and sincere counsel, necessarily partisan, sometimes have an unconscious tendency to build mountains out of molehills in respect to evidence favorable to their clients and are inclined to make dunghills out of mountains of unfavorable evidence. This is understandable, but it should not be done in the statement portion of the brief. A statement which does not afford the appellate court an immediate, complete, and unbiased understanding of the facts and which does not fairly present the facts is pernicious in that it conveys in the first instance a distorted and imperfect impression. It renders the appeal subject to dismissal. In re Adoption of P.J.K., Mo.App., 359 S.W. 2d 360, 363; Glick v. Glick, Mo.App., 360 S.W.2d 333, 335; Markowitz v. University City, Mo.App., 335 S.W.2d 455. We consider the appeal subject to dismissal; but the custody (and hence the welfare) of infant children is involved, and for that reason we waive the rule.

Appellant's entire brief is devoted to the weight of the evidence. Practically his whole argument is based on the claim of adultery as testified to by three men, two of whom are his cousins and the other a friend and associate who worked at the same place defendant did until he quit employment. These witnesses were defendant's frequent hunting and fishing companions. As to this charge of adultery, it was not pleaded. It is our understanding that beginning with Stokes v. Stokes, 1 Mo. 320, and extended by our remarks in R.

v. M., Mo.App., 383 S.W.2d 894(2), it is the law that adultery must be pleaded in respect to person, time, and place as nearly specifically as is within the means of the pleader; this in order to permit the person charged to meet that issue and so prevent ambush on such a serious charge. This case demonstrates the justness of that rule. Plaintiff took defendant's deposition, and he testified that plaintiff was cruel to the children because she locked them out of the house "when she is having relationship with men." He was asked *what* men and his answer was, "I don't know offhand." He was asked, "When?" and his answer again was, "I don't know that offhand." Yet at the trial he produced the two cousins and the friend to testify as to (each) a single act of adultery. Nevertheless, no objection was made to this testimony and no motion of any kind was filed in respect to the pleadings.

Appellant takes particular exception to the remarks of the court when he took the case under advisement:

"I will take this matter under advisement and see. These people who testify to these things place the Court in a serious position, an ordinary individual who does have sexual intercourse with some other woman usually respects her enough not to say anything about it and the man who gets on the witness stand and tells about it is not a man to be admired very much, to say the least. And whether you can believe him or not I don't know, as I say it places the Court in a serious position. Well, I'll take it under advisement and I'll let you know when I pass on it."

We think it is unnecessary to wash all the dirty linen and hang it out to dry in public print. Suffice it to say that the whole evidence, including that offered by both plaintiff and defendant, reasonably justified the belief and finding that:

1. The defendant frequently and habitually drank intoxicating liquor to excess.

2. He has subjected his wife and at least one of his children to physical abuse which includes, among other things, striking and kicking with his boots.

3. He has repeatedly cursed his wife in the presence of the children.

4. He has subjected one of the children to such indignities and abuse that, if such were permitted to continue, it might endanger the mental and psychological development of such child.

5. He has withheld medical attention from one of the children.

6. Since the separation of the parties, he has defaulted in payment of amounts ordered for support. He has voluntarily quit his employment and has not attempted to secure other employment, and he has assigned all of his personal assets to his father, for a nominal consideration. The evidence justifies the belief that all this has been done in order to defeat and avoid payment of support for his family.

7. He has a child by a former marriage to which he contributes nothing.

8. The evidence further justifies the belief that he has conspired with three men, at least two of whom rendezvoused with him at a bar in the evenings. That conspiracy was to destroy the wife's reputation and defeat her action in carrying out a promise or threat he had made to his wife when she informed him of her intention to separate. The testimony of each of those relative-friends is as to (each) a single act of sexual intercourse. Two of these were said to be when a child was present in the house. As to the other, the witness was unable to name the place.

We do not wish to encumber this opinion by pointing out the various inconsistencies, conflicts, and improbabilities in the testimony of those three self-declared betrayers. Suffice it to say that the trial judge was justified in believing them to be liars and perjurers; and, under the circumstances of this case, his remarks were remarkably restrained.

█ Adultery must be proved by good and sufficient evidence (see Ellebrecht v. Ellebrecht, Mo.App., 243 S.W. 209).

█ As we said in R. v. E., Mo.App., 364 S.W.2d 821, at 828:

> "In determining this case the final responsibility is ours; but, although the findings of the trial court do not bind us, we regard them with considerable deference. The written words in a cold record do not always convey the whole sense of meaning, depth, value, spontaneity, and sincerity as do the spoken words, with the gestures and manner accompanying them, in the sight and hearing of an experienced trial judge. Creamer v. Bivert, 214 Mo. 473, 113 S.W. 1118, 1120."

See also Holmes v. Holmes, Mo.App., 251 S.W.2d 390(1); Lampman v. Lampman, Mo.App., 367 S.W.2d 28, 30; Kleinhammer v. Kleinhammer, Mo.App., 225 S.W.2d 377 (3); Paxton v. Paxton, Mo.App., 319 S.W. 2d 280, 282; Willett v. Willett, Mo.App., 196 S.W. 1058, 1060.[1]

█ The judgment should be affirmed, but in the interest of the children it should be modified in one respect. Defendant is accorded the right to visit the children at reasonable times and places. "Reasonable" should be defined and limited so as to express the limitation that no time is "reasonable" when the appellant is under the influence of intoxicating liquor. As so modified the judgment is affirmed.

All concur.

1. The Willett case is the only case cited in appellant's brief.