**PIONEER FINANCE COMPANY, Plaintiff-Respondent,**

v.

**Pinkie L. WASHINGTON, Defendant-Appellant.**

**No. 24691.**

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1967.

Application to Transfer Denied Nov. 13, 1967.

Gladys B. Donovan, Kansas City, for appellant.

Herbert Jacob, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued LuDena A. Walker and Pinkie L. Washington for the principal sum, and accrued interest, on a note signed by both defendants as co-makers. Trial in magistrate court resulted in judgment for plaintiff against both defendants. Both appealed to the circuit court where LuDena A. Walker defaulted. The cause was tried to the court, as to defendant Washington, who was present and was represented by counsel. The court entered judgment against both defendants in the sum of $818.00, and costs. Defendant Washington appeals.

Plaintiff has filed motion to dismiss the appeal on the stated ground that appellant has failed to comply with Rule 83.05, V.A. M.R., in the following particulars:

1. Failed to make a fair and concise statement of facts in her brief as required by (a) 2, (c) and (d) of the Rule.

2. Failed to make a proper statement of points relied on, as required by (a) 3, (e) and (f) of the Rule.

Under "Statement of Facts", in the brief, appears the following:

"Plaintiff filed a petition against defendants alleging defendants executed and delivered to plaintiff a promissory note in the amount of $912.00, payable in monthly installments. No payments having been made the defendants owed plaintiff $760.-96, (Tr. 7) plus interest at the rate of 2.18% per month, in accordance with terms of written understanding attached to petition (Tr. 6) and prayed judgment therefor.

"On the trial below, without jury, defendant denied that they signed a promissory note, but signed a loan contract and contended that plaintiff could not recover because (1) plaintiff did not pay the principal sum to the makers of the loan contract and therefore no consideration existed; (2) that defendant Pinkie L. Washington co-signed for LuDena Walker to enable her to purchase a stereo which stereo was never purchased due to the fraudulent actions of the plaintiff; (3) that plaintiff had not complied with the provisions of the small loan laws of Missouri; (4) that the note is usurious in that the loan included charges in excess of the amount permitted by Sec. 408.100 to 408.222 [408.220], R.S.Mo.1959 [V.A. M.S.] and (5) that defendant, Pinkie L. Washington's signature to the written

agreement and the chattel mortgage was obtained through misrepresentation.

"Defendant Pinkie L. Washington appeals because the evidence shows that judgment is for the wrong party".

Under Points and Authorities appears the following:

"The Trial Court Erred in Entering Judgment for Plaintiff Because the Evidence Showed As a Matter of Law that Defendants Were Not Liable on the Loan Contract Sued on, Because,

"(1) Plaintiff's testimony failed to establish consideration in that payment was never made to either defendant. A debt was not created.

"(2) The trial court abused its discretion by permitting plaintiff to introduce secondary evidence, contrary to the best evidence rule, to establish amount and content of check wilfully destroyed by plaintiff.

"(3) The Loan contract sued on is fraudulent and usurious and is without value and is therefore unenforceable".

(Below each numbered "point" appear citations of authority).

Rule 83.05 provides, in part, as follows:

" * * * The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A fair and concise statement of the facts without argument; (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder; * * *".

It is noted that no facts are set out, under the statements of facts, except those concerning the nature of the action filed by plaintiff. The remainder of the "statement" is devoted to a brief statement of what defendant "denied" and what she "contended". She did not state any of the *facts* which were in *evidence*, or at what page of the transcript they might be found. She merely stated her conclusions of why plaintiff should not have the judgment. She does not refer to what the evidence tended to establish for or on behalf of either party. The statement includes argument as well as conclusions. It is not in compliance with the Rule.

In Ritter v. Ritter, Mo.App., 394 S.W.2d 78, 80, the court said:

"A statement which does not afford the appellate court an immediate, complete, and unbiased understanding of the facts and which does not fairly present the facts is pernicious in that it conveys in the first instance a distorted and imperfect impression. It renders the appeal subject to dismissal. In re Adoption of P. J. K., Mo.App., 359 S.W.2d 360, 363; Glick v. Glick, Mo.App., 360 S.W.2d 333, 335; Markowitz v. University City, Mo. App., 335 S.W.2d 455. We consider the appeal subject to dismissal; but the custody (and hence the welfare) of infant children is involved, and for that reason we waive the rule".

The statement in this brief is wholly inadequate and the appeal should be dismissed.

In Walker Bros. v. L. K. Seear, Mo. App., 364 S.W.2d 51, we stated that we should construe all rules of procedure liberally so as, generally, to decide cases on their merits. We have read the transcript in this court tried case and cannot say that the judgment is contrary to the overwhelming weight of the evidence.

The appeal is dismissed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

HOWARD, P. J., CROSS and BLAIR, JJ., and ELLIOTT, Special Judge, concur.