**Martha Faye ASBELL, Plaintiff-Appellant,**

v.

**Garland Wayne ASBELL, Defendant-Respondent.**

**No. 8760.**

Springfield Court of Appeals, Missouri.

July 10, 1968.

Myers, Webster & Perry, Webb City, for plaintiff-appellant.

Frieze & Crandall, Carthage, for defendant-respondent.

TITUS, Judge.

The Circuit Court of Jasper County on March 3, 1966, granted plaintiff a divorce, awarded her the custody of the two minor children born of the marriage, and gave defendant the right to visit the children at all reasonable times. Defendant filed a motion August 30, 1966, to modify the decree, and after a hearing held August 8, 1967, the original judgment was altered to permit the children "to visit with their father, in his home the 1st and 3rd weekends of each and every month from 6:00 p. m. on Friday until 6:00 p. m. on Sunday." Plaintiff has appealed, claiming the trial court erred because "there were no changes in condition affecting the welfare of minor children, which would justify such a decree."

When the divorce was granted defendant was on furlough, having just returned from a tour of duty in Korea with the United States Army. He thereafter continued in

service at Ft. Bliss, Texas, until honorably discharged August 18, 1966, at which time he established his residence with his mother and father in a three bedroom home "in the country" near Golden City. Plaintiff and the children live with her mother and 26-year-old unmarried brother in an eight room house in Carthage. Following the divorce the parties and their counsel had an understanding (exact terms unknown to us) regarding the times and manner defendant would exercise his right to visit the children. The record is not too clear, but apparently after defendant was discharged and because plaintiff was employed during the week, defendant's association with the children was restricted or mostly restricted to Sunday afternoons in the home of his mother-in-law, provided plaintiff was present and had been given a two hour notice by defendant of his intention to see the children. Posterity will not profit and ·present generations need not be disconcerted with a detailed recasting by us of the evidence in this case. Suffice it to say defendant's proof went to show that he is now able to have custody of the children in his home at specified times (something he could not do while in the army), and that the reservations placed upon his existing visits and the bickering arguments associated therewith make his relationship with the children in plaintiff's home strained, difficult and unsatisfactory. To the contrary, plaintiff's evidence was the visits were unfettered and it was not proper that defendant, because of his alleged gross temper and abusive character, should ever have possession of the children away from the protective custody of their mother.

◼ Plaintiff reminds us the moving party has the burden of proof in these matters [Prudot v. Stevens, Mo.App., 266 S.W. 2d 756, 758(4)], that the object of a motion to modify is not to inquire if the previous judgment is being given proper effect, but to determine if substantial rights of the parties predicated on new facts arising since the last decree require alteration or modification [Samland v. Samland, Mo. App., 277 S.W.2d 880, 881(2–4)], and if custody of children is involved, modification is not justified simply upon a showing of a change in circumstances unless the proof illustrates the changed conditions affect the welfare of the children to a material or substantial extent and that modification will be beneficial to them. Hurley v. Hurley, Mo.App., 284 S.W.2d 72, 73–74(3); Lehr v. Lehr, Mo.App., 264 S.W.2d 35, 36–37(3). We are also aware of the maze of seemingly inconsistent stilted platitudes and judicial pronouncements in child custody cases which may as easily lead to one conclusion as its opposite, depending on the selection made. See cases collected in 11 West's Missouri Digest, Divorce, ◒ 298–299. Though the puzzling perplexities of custody should never be resolved through peroration of pedantic principles [Chilcutt v. Baker, Mo.App., 384 S.W.2d 854, 861 (11)], the unbending precept in such causes is to determine, insofar as is humanly possible, what will best serve and promote the children's welfare. J—— G—— W—— v. J—— L—— S——, Mo.App., 414 S.W. 2d 352, 360(5).

◼ No one may doubt the transition from military status to civilian life was a change of condition for defendant. Nonetheless, plaintiff denies this was also a change of condition for the children. We, and apparently the trial court, disagree. Defendant's duties with the army at the time of the divorce would not permit him to have custody of the children at any stated times or to visit with them except while on furlough. The change in defendant's situation which now enables him to devote regular and specific time to his children and give them paternal guidance, training and affection, is also a change of condition for the children. Swan v. Swan, Mo.App., 262 S.W.2d 312, 315(3). Courts should encourage the continued interest and affection of divorced persons for their children and afford the children ample opportunity to have contact with both parents.

Dupree v. Dupree, Mo.App., 357 S.W.2d 241, 243(3).

■ The paramount concern in this cause is not whose fault it is that plaintiff and defendant cannot agree on reasonable and adequate visitation privileges. Our care is how the children, assuming the fitness of both parents, may be afforded their rightful association with their father as well as their mother. No one questions the fitness of the plaintiff to have major custody of the children. The trial court observed, in announcing its decision, the defendant "appears to me to be a rather upright young man * * * and I can't help but feel that the father of these children is going to look after them and do the very best that he can and I feel that he ought to have a right to have them visit with him."

■ If defendant's evidence and its fair inferences are accepted, his visits with the children are viewed by plaintiff as presumptuous invasions to be tolerated only by her leave and upon her conditions. A court may not properly order that the right of visitation shall be exercised only at such times as are convenient to the party having custody of the children, or leave the privilege of visitation to the discretion of the party having the children in custody. Nelson on Divorce and Annulment, 2d Ed., § 15.26, pp. 276–277; Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093, 1097(6). Therefore, if the parent granted custody undertakes to foist restrictions a court should not impose, he does so sub suo periculo. The conduct of a parent given custody of children which deprives or materially hinders the other parent's right to satisfactory visitation at reasonable times will be ground for modification, because a court is not limited to mere punitive measures but may modify the decree to insure performance of those portions of its judgment designed for the best interests of the children. Patterson v. Patterson, Mo.App., 375 S.W. 2d 614, 621–622(6); Rutstein v. Rutstein, Mo.App., 324 S.W.2d 760, 763–764(3–6); S—— v. G——, Mo.App., 298 S.W.2d 67, 76(11); Wilson v. Wilson, Mo.App., 260 S.W.2d 770, 780–781(11–13).

■ Custody and visitation rights are not meted with a design to reward one parent or punish the other. Wood v. Wood, Mo.App., 400 S.W.2d 431, 436(5); Paxton v. Paxton, Mo.App., 319 S.W.2d 280, 288 (11). These rights should be apportioned with the best interests of the children in mind. J. v. E., Mo.App., 417 S.W.2d 199, 203–204(5). If defendant's visits with the children in plaintiff's home cannot be conducted with some privacy free of a permeating air of animosity between the parents, then the decree was rightfully modified to insure the children adequate opportunity to develop genuine comradeship with their father at a place where the interflow of feelings will not be stifled by enmity and hostility.

■ While the review of this matter on appeal is accomplished de novo, we are not inclined to disturb the judgment nisi unless our convictions lead to the conclusion the decree is not to the best interests of the children and conflicts with the clear preponderance of the evidence. Pelts v. Pelts, Mo.App., 425 S.W.2d 269, 270(4, 5); Zimmerman v. Zimmerman, Mo.App., 422 S.W.2d 386, 389(5); Carlson v. Carlson, Mo.App., 405 S.W.2d 498, 501(1). Especially do we defer to the better "opportunity of the trial court to judge of the credibility of the witnesses." V.A.M.R. 73.01 (d). He has looked upon their countenances, observed their conduct, given ear to their inflections and heard the tenor and tone of their testimony. We have but a soundless record inscribed with what the witnesses said but not how they said it. E—— v. G——, Mo.App., 317 S.W.2d 462, 467–468(2, 3). No reservations are harbored by us but that the learned trial judge was fully aware of the legal and equitable principles involved, and that he determined this matter with caution and great concern for the welfare of the children. We have thoroughly read and studied the transcript and the briefs provided by

able counsel for both sides. If the trial court is mistaken we do not perceive the error. The judgment is affirmed.

HOGAN, P. J., and STONE, J., concurs.