Mary Helen TRAIL, Plaintiff-Respondent,

v.

Edward Lee TRAIL, Defendant-Appellant.

No. 34121.

Missouri Court of Appeals,
St. Louis District.

Jan. 25, 1972.

Arnold T. Phillips, Jr., Thomas P. Clarke, St. Louis, for plaintiff-respondent.

Tenney, Dahman & Mathewson by John A. Mathewson, St. Louis, for defendant-appellant.

CLEMENS, Commissioner.

The trial court granted plaintiff-wife's motion for temporary custody of the parties' six-year-old son and temporary allowances for child support, alimony and attorney's fee. Simultaneously the court denied the defendant-father's cross motion for custody. He has appealed. We conclude that the appeal should be dismissed for defendant's failure to file an appellant's brief complying with Civil Rule 83.05, V.A.M.R., (now Civil Rule 84.05, effective January 1, 1972).

At the trial court hearing plaintiff offered her own testimony and that of six witnesses as to her parental care of the son. Defendant offered four witnesses concerning parental care but did not testify himself.

Civil Rule 83.05(a) declared an appellant's brief shall contain "a fair and concise statement of the facts without argument." By paragraph (c) of that rule an appellant must set forth "the facts relevant to the questions presented for determination" and "mere formal matters should not be included." By paragraph (d) the statement "shall have specific page references to the transcript."

We summarize the defendant's Statement of Facts. It recited: the wife's previous marriages and divorces; her marriage and remarriage to defendant; the filing of plaintiff's petition and motion for temporary custody and allowances; defendant's apprehensions for the boy's welfare and "appropriating the boy's exclusive custody unto himself"; the filing of defendant's cross motion for custody; and the trial court's order in favor of plaintiff. There is only one transcript reference, and that vaguely to "TR 86–94." Such a bare recital of procedural steps does not comply with the rule and warrants dismissal of an appeal. Page v. Laclede Gas Light Co., Mo., 245 S.W.2d 23; Beckham v. Eggleston, Mo.App., 341 S.W.2d 337[1].

In the Argument section of defendant's brief he does refer to trial testimony, but only to testimony favorable to himself and unfavorable to plaintiff. Even if we consider this testimony as a part of defendant's Statement of Facts it is not a *fair* statement since testimony favorable to a respondent is "relevant to the questions presented for determination." In his brief defendant ignores plaintiff's testimony that upon leaving plaintiff the defendant lived with another woman; that thereafter he failed to adequately support plaintiff and their child; that defendant took custody of the parties' son after three men had forcibly abducted the boy from plaintiff. Similarly, defendant's brief ignores testimony of plaintiff's witnesses that she kept the boy clean and well clothed in a neat home and that the boy was happy, well behaved and affectionate with his mother. In Wipfler v. Basler, Mo., 250 S.W.2d 982[2, 3] the court said: "The statement is primarily to afford an immediate, accurate, complete and unbiased understanding of the facts of the case, and one which does not fairly present the facts is pernicious to the extent it conveys in the first instance a false, distorted or imperfect impression of the facts. (Citing cases)." See also Glick v. Glick, Mo.App., 360 S.W.2d 333, and Kleinhammer v. Kleinhammer, Mo.App., 225 S.W.2d 377.

Civil Rule 83.09, V.A.M.R. (now Civil Rule 84.08) declared that upon an appellant's failure to comply with the rules concerning contents of briefs the court "will dismiss the appeal or affirm the judgment unless good cause is shown or the interest of justice otherwise require."

Since this case concerns the welfare of a child we have carefully studied the entire record but find no reason to believe the interests of justice require alteration of the trial court's judgment. This case falls within the rule that in divorce suits great def-

erence should be paid to the finding of the trial judge who had the witnesses before him and was in a much better position to judge their credibility than is this court. Kleinhammer, supra.

The defendant's appeal is dismissed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this Court. Accordingly, defendant's appeal is dismissed.

BRADY, P. J., DOWD, J., and ROBERT LEE CAMPBELL, Special Judge, concur.