Raymond N. WHEELER, Plaintiff-Respondent,

v.

Anita Louise WHEELER, Defendant-Appellant.

No. 9217.

Missouri Court of Appeals,
Springfield District.

April 6, 1972.

James L. Paul, Pineville, for plaintiff-respondent.

Dean S. Johnston, Joplin, for defendant-appellant.

TITUS, Chief Judge.

Plaintiff (father) was awarded the custody of his two-year-old daughter at the same time he was granted a divorce from the defendant (mother). Eleven months thereafter, defendant filed a motion to modify the decree to give her custody of the child "and for reasonable child support payments." Predicated upon a finding "that conditions have not changed since the granting of the original decree," the court nisi entered judgment denying the modification. The mother appealed and we affirm.

Civil Rule 84.04(d), V.A.M.R., governing preparation of appellate briefs, is applicable in child custody cases. Trail v. Trail, Mo.App., 476 S.W.2d 156, 157. This rule requires that the points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, . . . . Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." We perceive the points in defendant's brief as abstract statements that preserve nothing for review. McGehee v. McGehee, Mo.App., 448 S.W.2d 300, 301(1). Since, however, this case concerns the welfare of a child, we cannot bring ourselves to dispatch the appeal for rule violation. Rather, we have conned the entire record only to find no cause for altering the judgment of the trial judge, whose findings merit great deference because of his better position to judge of the credibility of the witnesses. Kleinhammer v. Kleinhammer, Mo.App., 225 S.W.2d 377, 379(3).

At the time of the October 1970 divorce, the 26-year-old defendant was living with her daughter, a son born of a previous marriage, and "a man not her husband." She married this man in December 1970, separated from him in March 1971, divorced him in June 1971, and, together with her son, moved into the home of her widowed mother who is employed as a school cook. Defendant is also employed as a cook, and works four days at a truck stop from 10 p. m. to 6 a. m.; on the fifth day her hours are from 2 p. m. to 10 p. m. Baby sitters attend to defendant's five-year-old son while she and her mother are absent from the home in pursuit of their occupa-

tions. Defendant voiced no complaints concerning the present care and treatment given her daughter who resides with plaintiff in the farm home of his parents and siblings; she acknowledges faithful performance by plaintiff of the visitation rights allowed her by the original decree. Defendant's claim for modification is that she "is now able to care for her daughter in the home of her mother and to give her a mother's love and affection that the female child needs." A most apt summary of defendant's testimony may be found in the following, as elicited on cross-examination:

"Q To be right truthful with the Court, . . . the only change since the rendition of this decree is you have married the man that you were living with at the time the original decree of divorce was granted, and you subsequently divorced him; isn't that right? A That's right.

"Q And you have moved back . . . with your mother . . .? A Yes, sir. . . .

"Q [And] there hasn't been any other change of conditions? A No."

■■ As the movant, defendant had the burden [Prudot v. Stevens, Mo.App., 266 S.W.2d 756, 758(4)] of proving that the change in conditions occurring since the initial decree affected the welfare of her daughter to a substantial and material extent, and that alteration of that decree would be in the child's best interests. Asbell v. Asbell, Mo.App., 430 S.W.2d 436, 438(3). New facts relied on by defendant relate to changes in her circumstances, but not necessarily to those of her daughter. The child, as admitted by defendant, continues to be well treated and cared for by the plaintiff in the home of the paternal grandparents. Defendant's visitation rights have not been hampered by plaintiff and, in addition, defendant is frequently afforded temporary custody of the child. While it may be assumed that the child would receive a greater degree of direct maternal devotion and affection if she was living with the defendant, in view of defendant's misconduct which incited the divorce and prompted the court to initially place the daughter in the plaintiff's custody, "it would be crowding time to expect any court to completely disregard the past, to be comfortably assured that [defendant's] professed repentance is soul-centered . . ., and to confidently conclude not only that [defendant's] present home is now an altogether stable and proper one for [the daughter] but also that it will continue to be. The passage of time alone can resolve these doubts and uncertainties." M—— L—— v. M—— R——, Mo.App., 407 S.W.2d 600, 604.

"In all proceedings . . . in which shall be involved the right to the custody and control of minor children, . . . neither parent as such shall have any right paramount to that of the other parent, but in each case the court shall decide only as the best interests of the child itself may seem to require." § 452.120 RSMo 1969, V.A.M.S.; Smith v. Smith, Mo.App., 435 S.W.2d 684, 687(6). Nonetheless, it is often repeated that all things being equal, a child of tender years should be given into the custody of the mother. Harwell v. Harwell, Mo.App., 355 S.W.2d 137, 143(9). But this saw is too frequently dulled by the realization that "all things never are exactly equal" (Garbee v. Tyree, Mo.App., 400 S.W.2d 193, 199), and is bottomed on the acts, not the fact, of motherhood. McPherson v. McPherson, Mo.App., 447 S.W. 2d 791, 794(5). Consequently, when all things, as here, are not equal and the acts of the mother do not tend to serve the best interests of the child, the courts do not hesitate to entrust the care of the child to the father (Garrett v. Garrett, Mo.App., 464 S.W.2d 740, 743) until such time as the circumstances change and the court becomes convinced that the child's welfare will be otherwise better served.

The judgment is affirmed.

STONE and HOGAN, JJ., concur.