**Ernest N. DOEHLER, Plaintiff-Appellant,**

v.

**The VILLAGE OF COOL VALLEY, and Orville Dewing, Defendants-Respondents.**

No. 34898.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 5, 1973.

Rehearing Denied Aug. 16, 1973.

Steiner & Fenlon, Clayton, for plaintiff-appellant.

Carter, Bull, Baer, Presberg & Lee, Doris J. Banta, George E. Lee, St. Louis, for defendants-respondents.

McMILLIAN, Judge.

Plaintiff-Appellant, Ernest N. Doehler, appeals from a jury verdict and judgment entered in favor of the defendants-respondents, The Village of Cool Valley, a

municipal corporation, and Orville Dewing, in a suit for personal injuries in the Circuit Court of St. Louis County. Due to the appellant's failure to comply with Rule 84.04(c) and Rule 84.04(d) of the Missouri Rules of Civil Procedure, V.A.M.R., we dismiss this appeal as authorized by Rule 84.08.

Rule 84.04(c) of the Missouri Rules of Civil Procedure requires that the appellant's brief shall contain a statement of facts that " . . . shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented." The appellant has failed to comply with this requirement in that the appellant's statement of facts was (1) unfair in that the plaintiff-appellant presented a statement that supported his position and excluded relevant facts which were favorable to the defense; (2) argumentative in that plaintiff-appellant made such statements as, "Defendant's evidence was contradictory throughout"; and (3) the resume of the testimony of each witness was not fairly or concisely stated nor was it entirely relevant to the "Points Relied On." In the case of Ritter v. Ritter, 394 S.W.2d 78, 80 (Mo.App.1965), the court stated that, " . . . A statement which does not afford the appellate court an immediate, complete, and unbiased understanding of the facts and which does not fairly present the facts is pernicious in that it conveys in the first instance a distorted and imperfect impression. It renders the appeal subject to dismissal . . . ." The appellant failed to comply with Rule 84.04(c) in this instance.

Rule 84.04(d) prohibits the setting out only of abstract statements of the law without showing how they are related to any action or ruling of the lower court. Appellant, under the heading "Points and Authorities," sets out six pages of abstract statements of the law that show absolutely no relation to any action or ruling of the trial court. All of the points relied on by appellant are the merest abstract statements of law. All fail entirely to state what actions or rulings of the court are claimed to be erroneous and why it is claimed they were wrong. Appellant's "Points and Authorities" are blatantly contrary to the clear intent of Rule 84.04(d).

Repeatedly the Bar has been admonished and it is again admonished, that obedience to the rules of appellate procedure will be enforced. "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause . . . ." Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, 266 S.W.2d 647, 648 (Mo. Sup.1954); Kansas City v. Howe, 416 S. W.2d 683, 690 (Mo.App.1967); Walker Bros., Inc. v. J. K. Seear (U.S.A.), Ltd, et al., 364 S.W.2d 51, 52 (Mo.App.1962).

The appeal is dismissed.

DOWD, C. J., and WEIER, J., concur.