C_____ C_____, Respondent,

v.

J_____ A_____ C_____, Appellant.

No. KCD26252.

Missouri Court of Appeals,
Kansas City District.

Sept. 4, 1973.

Motion for Rehearing and/or Transfer
Denied Oct. 1, 1973.

Richard E. McFadin, North Kansas City, for appellant.

Glennon E. McFarland, North Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

SWOFFORD, Judge.

This appeal is from a judgment in the court below involving the custody of two minor daughters of the parties, now eight (8) and six (6) years of age. The order now under review changed the custody of these children from the mother-appellant to the father-respondent, upon motion and after an extensive evidentiary hearing. The mother was granted the right to have the children the first and third weekend of each month.

The underlying case was an action for divorce brought in the Circuit Court of Clay County, Missouri by the father-respondent in which a decree of divorce was entered in favor of the mother-appellant on February 23, 1968, granting her a divorce and the custody of the two minor daughters, together with an appropriate order for support for said minors. It does not appear in the record before us whether or not this original divorce proceeding was contested or was in the nature of a default. However, in 1970, the father-respondent apparently filed a motion to modify the original custody award. He was in Army

service in Vietnam at the time of the hearing on this motion and the custody remained with the mother-appellant. The hearing on this 1970 motion to modify was before the same judge as the present proceeding. On February 10, 1972, the father-respondent instituted this proceeding.

We must resolve some preliminary matters before ruling on this appeal.

Both parties have disregarded the provisions of Rule 81.03 (formerly Rule 82.03) V.A.M.R., which provides that "the title of the action shall not be changed in consequence of the appeal." Accordingly, the title of this opinion adopts the original style of the divorce action in the Circuit Court of Clay County.

Also, the father-respondent has filed a Motion to Dismiss Appeal, upon _ the ground that the mother-appellant has failed in several respects to comply with Rule 84.04 as to the form and content of her brief. This motion was taken with the case.

■ While the appellant's brief is not a model of compliance with Rule 84.04, and in another type of appeal we might be inclined to invoke the sanctions of Rule 84.08 —we will not do so here. This court, and the trial court, are basically concerned with the present and ultimate welfare of two small girls, tossed about on the rough seas of matrimonial discord. In this posture, we cannot stand upon pure procedure or rules, however meaningful or necessary they are to the processes of proper administration of justice. The respondent's motion to dismiss the appeal is therefore overruled. Wheeler v. Wheeler, 479 S.W. 2d 505, 506 (Mo.App.1972).

■■ Our scope of review in this type of action is to review both the law and the evidence and to make our own findings and conclusions. Initially, the determination of all factual issues rests in the trial court and due deference to its findings will be accorded unless they are clearly in conflict with the preponderance of the evidence or disclose an abuse of discretion. This is particularly true upon issues of credibility of witnesses. Rule 73.01(d); Carlson v. Carlson, 405 S.W.2d 498, 501 (Mo.App.1966); Zimmerman v. Zimmerman, 422 S.W.2d 386, 388–389 (Mo.App. 1967); Asbell v. Asbell, 430 S.W.2d 436, 439 (Mo.App.1968); Eissler v. Eissler, 468 S.W.2d 217, 221 (Mo.App.1971); J_____ F. R_____ v. R_____ R_____, 482 S.W.2d 543, 544 (Mo.App. 1972). This deference to the trial court as to credibility of witnesses applies with special emphasis where as in the case before us there is direct and irreconcilable conflict in the evidence on nearly every point in issue. McGehee v. McGehee, 448 S.W. 2d 300, 303 (Mo.App.1969).

■ Of course, both the trial court and this court are bound by the one "* * * inflexible and unyielding principle * * * that the welfare of the child (children) is paramount and supreme * * *" J_____ G_____ W_____ v. J_____ L_____ S_____, 414 S.W.2d 352, 360 (Mo. App.1967); Fortune v. Sinco, 417 S.W.2d 515, 520 (Mo.App.1967); Pelts v. Pelts, 425 S.W.2d 269, 271 (Mo.App.1968).

■ With these obligations in mind, we have carefully studied the transcript on appeal (335 pages) and the testimony of the parties and their witnesses (19 in number on behalf of father-respondent and 10 in number on behalf of mother-appellant). It would serve no useful purpose to here recount the depressing and often sordid details of this evidence. We have reached the conclusion that the trial court's judgment transferring the custody of these children from the mother-appellant to the father-respondent was based upon substantial evidence, was proper upon this record, and was in their best interest, and we so find.

This conclusion disposes of all points raised in appellant's brief except her contention that the trial court erred in considering testimony and exhibits in a prior mo-

tion to modify filed by the father-respondent and apparently heard by the same judge in 1970, when the respondent was in active service in Vietnam.

Of course, once the issues as to custody are tried, the doctrine of *res judicata* comes into force and effect and the parties are barred from relitigating the same issues. The court below has continuing jurisdiction over the matter of the custody of the children here involved during their minority and has the power to review and alter the custody order as changed circumstances develop, upon proper application and evidence. In such a proceeding, the party seeking custody has the burden of proving a change in conditions warranting a change in custody. Richards v. Hayes, 320 S.W.2d 65, 70 (Mo.App.1959); Blankenship v. Blankenship, 488 S.W.2d 245 (Mo.App.1972).

Even though as stated by the appellant, the trial court did make some comments in the record as to the prior hearing in 1970, it is apparent to us that the basis of his present judgment is firmly grounded on the present evidence before him which, in fact, showed substantial changes in condition. To cite but a few of these. The mother-appellant had remarried and divorced in the interim period and was on the eve of another marriage when she testified. Both her second husband and her prospective third, were men with whom she is charged with misconduct. The father-respondent, who was in military service in Vietnam when the former hearing was held and was then single and without physical facilities to take care of his daughters, is now out of the service, working, has remarried, and has a home for his daughters. His present wife testified as to her willingness and ability to care for the children. As was said in Asbell v. Asbell, supra, 430 S.W.2d l. c. 438:

"No one may doubt the transition from military status to civilian life was a change of condition for defendant.

* * * Defendant's duties with the army at the time of the divorce would not permit him to have custody of the children at any stated times or to visit with them except while on furlough. The change in defendant's situation which now enables him to devote regular and specific time to his children and give them parental guidance, training and affection, is also a change of condition for the children."

We do not believe that the rule of *res judicata* precludes a judge, (in fulfilling his duty, so charged with trust and impregnated with public interest) from taking into consideration his past experience with the problems and the parties learned from previous hearings in the case and the general circumstances and conditions bearing upon the welfare of the children—provided the movant meets his burden of proving changed conditions. It would not be natural, humane or possible, for him to do so. How could he determine that there were in fact *changed* conditions if he was precluded from accepting the premise of the *former* conditions? In the case of Garbee v. Tyree, 400 S.W.2d 193, l. c. 195–196 (Mo. App.1966), the court stated:

"Of course (in a motion to modify) the original case (and the facts involved) cannot be retried or rehashed * * * but it often is necessary to permit the showing in a general and limited way of the circumstances and character of the parties as they existed at the time of decree in order to furnish a basis for determining whether there has been a material change affecting the welfare."

See also: C. S. v. R. J. S., 488 S.W.2d 663, 665 (Mo.App.1972).

We have carefully read the briefs of able counsel for the parties and have conducted our own independent legal research. From this and our study of the record, we find that the judgment of the trial court was based upon substantial and convincing

evidence; was not clearly erroneous; that no error of law appears, and that the judgment was for the right party.

The judgment is accordingly affirmed.

All concur.