**Sharon Kay BOLTEN, Appellant,**

v.

**Gerald F. BOLTEN, Respondent.**

**No. KCD 26773.**

Missouri Court of Appeals,
Kansas City District.

March 4, 1974.

James L. Barry, Jefferson City, for appellant.

P. Pierre Dominique, Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

The mother appeals here from an order overruling her motion for change of custody of her daughter born of a marriage dissolved by divorce on September 1, 1971. In the original decree no provision was made for the custody of the two children, and custody was divided by agreement with the son going to appellant and the daughter Rebecca going to respondent.

After the divorce, appellant moved to Florida where she remarried. On July 25, 1972, she filed a motion for an adjudication of custody, seeking to obtain custody of Rebecca as well as of the son. By order dated October 27, 1972, the court below adjudicated custody of the son to appellant and of Rebecca to respondent, thus leaving the previous custody arrangement unchanged.

On February 16, 1973, appellant filed the motion which is presently in litigation, again seeking custody of Rebecca. With respect to the order overruling that motion, she assigns the following claims of error: (1) that the evidence shows a change of circumstances requiring the granting of the motion; and (2) that the trial court erred in the reasons given by him for overruling the motion.

■ No useful purpose would be served by an exegesis of the trial court's findings, since this court must evaluate the entire record for itself and reach its own conclusions, giving deference with respect to matters of credibility of witnesses. Rule 73.01(d), V.A.M.R.; J____ F. R____ v. R____ R____, 482 S.W.2d 543 (Mo. App.1972); Jeans v. Jeans, 348 S.W.2d 145 (Mo.App.1961). Appellant's second assignment of error, therefore, even if correct presents no basis for reversal.

Directing attention to appellant's only other point on appeal, namely that there was sufficient change of circumstances to require a change in custody, that issue turns upon the particular facts. The record shows that following the order adjudicating custody in October, 1972, appellant's then husband quit his job in Florida, they disposed of their home there in which they had lived for a very short time, and returned to Missouri. Upon this return, they entered into a contract to purchase a tract of land in or near Hartsburg, Missouri, from appellant's parents, and appellant and her husband have constructed the basement portion of what they propose eventually to be a full house. They now live in this incompleted structure which is partially underground on three sides. The husband has commenced a job in Jefferson City, Missouri, from which he nets between $94.00 and $99.00 per week.

By way of comparison, respondent has also remarried and now lives in a mobile home in Linn, Missouri. This mobile home has two bedrooms and is of approximately the same size as appellant's basement home. His present wife has two sons of a previous marriage, of ages approximately four years and one year. Respondent is a die cast supervisor for McGraw Edison, for whom he has worked for about · 14 years, and receives approximately· $110.00 per week take-home pay. Rebecca, approximately six years old, is attending school regularly in Linn, Missouri. Appellant has received visitation rights as to which there have been no difficulties.

■ Even though the facts narrated show a change in circumstances since the adjudication hearing in 1972, the mere fact of a change of circumstances is not enough to carry the burden of proof necessary for appellant to prevail upon the present motion. Not only must she show a change in conditions, but in addition she must demonstrate that those changes are of a character which require that Rebecca's custody be changed for the child's best interest. Birrittieri v. Swanston, 311 S.W.2d 364, 367 (Mo.App.1958); Wheeler v. Wheeler, 479 S.W.2d 505, 507 (Mo.App.1972); I____ v. I____, 482 S.W.2d 523 (Mo.App. 1972); Jeans v. Jeans, 348 S.W.2d 145 (Mo.App.1961).

■ The evidence here is not sufficient to carry that burden of proof. It was admitted on behalf of appellant that respondent's present wife is. a good housekeeper and is a good mother to the young sons born of her first marriage. There was no evidence of any substance to contradict the evidence on behalf of respondent that his present wife treats Rebecca just as well as those two small boys. There is no evidence of any difficulties or problems within respondent's home, and the evidence as a whole indicates that Rebecca is being well cared for and is well adjusted in her present environment.

Moreover, respondent's stability bespeaks a favorable situation for the daughter. He has remained in the same employment for approximately 14 years. This compares favorably to appellant's long distance movement to Florida in 1971, and then her disruption of a home there and removal back to Missouri in 1972. There is no real assurance that the appellant's home has gained any more permanency now.

■ Appellant argues that she should be granted the custody of her daughter under the principle that other things being equal the best interests of a child of tender years, particularly if female, are best served by being with the mother. However, that rule of thumb does not call for

**48**

application since in this case all other things are not equal. I_____ v. I_____, 482 S.W.2d 523, 528 (Mo.App.1972); Davis v. Davis, 254 S.W.2d 270, 274 (Mo.App.1953); Wheeler v. Wheeler, 479 S.W.2d 505 (Mo. App.1972). Appellant also raises question concerning the sleeping arrangements of the children in respondent's trailer home, but there is no reason to believe that these arrangements are inflexibly fixed and that modification will not be made as these children grow older.

Rebecca has been in a satisfactory situation since 1971, and no good reason has been shown why disruption should be made now by way of a change in custody. The order of the trial court declining to make a change not being clearly erroneous, that judgment is affirmed.

All concur.