**In the Interest of D. M. H.**

**No. 35408.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 3, 1974.

Melvin L. Newmark, St. Louis ad litem for D. M. H.

Ellsworth H. Ginsberg, Clayton, for petitioner.

Lloyd L. Schainker, Samuel J. Kevrick, St. Louis, for respondents.

STEWART, Judge.

The subject matter of this appeal arises as an adjunct to an adoption proceeding. D.M.H. was born out of wedlock on October 7, 1968. Her birth was premature. The mother was married on October 16, 1971. On July 27, 1972, the mother and her husband filed a Petition for Adoption of D.M.H., along with the mother's consent to the adoption. A guardian ad litem was appointed and on August 25, 1972, a hearing was held and Decree of Adoption with change of name was granted.

On September 15, 1972, R.B.Jr., appellant, filed a combination of three motions. He alleged that he was the "putative father" of D.M.H.; he had not been formally notified of the pendency of the adoption proceeding and was thus deprived of due

process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and Article One, Section Ten, of the Constitution of the State of Missouri, 1945, V.A.M.S. He sought to have the Decree of Adoption set aside; to obtain custody of D.M.H.; and to intervene in the adoption proceeding as an adoptive parent. The mother of D.M.H. and her husband traversed the allegations of the motion. Appellant was then given an evidentiary hearing.

During the hearing it was agreed among all the contesting persons that there was no basis for transfer of custody to R.B.Jr. The only relief then sought by R.B.Jr. was to have the court determine whether he was the biological father of D.M.H. and upon such a determination, to have the Decree of Adoption set aside.

Following the hearing the trial court filed findings of fact and conclusions of law. The court found that the mother of D.M.H. had intercourse with several men during the period of time within which the child was conceived; no blood tests were presented to the court which would establish a blood link between R.B.Jr. and D.M.H. The court concluded that it was unable to determine the biological father of D.M.H.; that the Decree of Adoption should remain in full force and effect. Judgment was entered accordingly.

It might at first appear that we are confronted with a question of our jurisdiction because appellant attempts to raise questions of constitutional construction. However, in our determination of this case, no real and necessary issue requires construction of the Constitution of the United States or of the State of Missouri. We, therefore, retain jurisdiction. St. Louis County Transit Company v. Division of Employment Security, 456 S.W.2d 334, 338 (Mo.1970).

Appellant's Statement of Facts reflects only the facts favorable to him to the exclusion of any relevant facts which were in evidence tending to support the findings of the court. This is a flagrant violation of Rule 84.04(c), Missouri Rules of Civil Procedure, V.A.M.R. which requires a fair and concise statement of the facts relevant to the issues to be determined. This violation of the rules would warrant dismissal of the appeal. Doehler v. Village of Cool Valley, 498 S.W.2d 621 (Mo.App.1973). We do not dismiss because this case involves the welfare of a child which is paramount to the interests of any of the contesting persons. Wheeler v. Wheeler, 479 S.W.2d 505 (Mo.App. 1972).

We review the law and the evidence in this case giving due deference to the findings of the trial court, especially where credibility is an issue. We may not reverse unless we find that the judgment of the trial court was clearly erroneous. Rule 73.01(d) Missouri Rules of Civil Procedure. In re Adoption of Rule, 435 S.W. 2d 35, 39 (Mo.App.1968).

It is conceded that D.M.H.'s mother and her husband were fit persons to have custody of the child. The primary issue in the case is whether R.B.Jr. is the biological father of D.M.H. The burden of proving his fatherhood was with appellant. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). To warrant standing as a party a person must have some actual and justiciable interest susceptible of protection in the suit. Hribernik v. Reorganized School District R–3, 276 S.W.2d 596 [5] (Mo.App.1955). If it cannot be determined that appellant is the biological father he has no actual and justiciable interest susceptible of protection in this proceeding.

It will serve no useful purpose to detail the evidence respecting the disaffection between the members of the mother's family and their efforts to make the child the pawn of their enmity. It is not disputed that R.B.Jr. and the mother of the child went together from February, 1968, to May of 1968, and had sexual intercourse during that period. He testified that contraceptives were not used. The mother admitted

that they had intercourse on two or three occasions but maintains that contraceptives were used. There was also evidence that during this period the mother dated other men and had intercourse with at least six other men without the use of contraceptives. There was no scientific evidence introduced with respect to the blood types of the child and appellant that would have indicated a blood link between appellant and D.M.H. Without question there was sufficient substantial evidence to warrant the finding that appellant had not carried the burden of proving that he was the father of D.M.H. The judgment of the trial court was not clearly erroneous. Having reached this conclusion, it is not necessary for us to determine the other issues sought to be raised by appellant.

Because our principal concern is the welfare of the child, we have reviewed the record of the adoption proceeding and find it regular in all respects.

The judgment is affirmed.

DOWD, C. J., and KELLY, J., concur.