George L. LANE (Plaintiff), Appellant,

v.

Jeremiah NIXON (Defendant), Respondent.

No. 30011.

St. Louis Court of Appeals.

Missouri.

July 21, 1959.

Wm. C. Bernhardt, De Soto, for appellant.

Thurman, Nixon & Blackwell, Hillsboro, for respondent.

RUDDY, Judge.

This is an action to recover on a note in the amount of $500 and to reform said note to include interest from the date of its execution. The cause was tried by a jury and from a verdict in favor of the respondent (defendant) plaintiff appeals.

At the very threshold of our review we are faced with the need of ruling on respondent's motion to dismiss the appeal. Among the grounds stated by the respondent in his motion is the failure of the appellant to comply with Supreme Court Rule 1.08, 42 V.A.M.S., in that the points relied on in appellant's brief constitute mere abstract declarations of law, and are wholly insufficient to present an issue for consideration in that they fail to specify and designate wherein and in what respect the trial court erred.

The points relied on as set out in appellant's brief are as follows:

"(1) The court erred in admitting incompetent, irrelevant, immaterial and prejudicial evidence for defendant in this note case. (Citations.)

"(2) The court erred in the conduct of the case as a whole; the suit being on an ordinary promissory note, the legitimate inquiry being the payment or not of the note; the case was so conducted as to obscure the real issues and to inject false issues to the prejudice of plaintiff. (Citation)"

Supreme Court Rule 1.08(a) (3), 42 V.A.M.S., requires the brief for appellant to contain:

"The points relied on, which shall show what actions or ruling of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder; * * *

\* \* \* \* \* \*

"(d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

The first point relied on by appellant fails to show what actions or rulings of the trial court were made whereby it admitted incompetent, irrelevant, immaterial and prejudicial evidence and, of course, fails to state why they are claimed to be erroneous.

The second point relied on by the appellant is guilty of the same failures. Nothing in this point shows what action of the court is sought to be reviewed, nor does it show what issues were obscured and what false issues were injected by the court to the prejudice of appellant. Not having shown the action of the court sought to be reviewed, this point also fails to state why the action sought to be reviewed is erroneous.

In the case of Evinger v. Thompson, 364 Mo. 658, 265 S.W.2d 726, loc. cit. 736, the Supreme Court said: "Defendant's second allegation of error is: 'The trial court erred in excluding relevant and material evidence pertinent to the experience of other industries.' This assignment does not comply with our Rule 1.08(a) (3), 42 V.A.M.S., because it fails to show what ruling of the court is claimed to be erroneous and why it is claimed to be wrong. * * * Defendant has not properly pre-

served or presented anything for appellate review."

This court in the case of Union Electric Company v. Levin, Mo.App., 304 S.W.2d 478, loc. cit. 484, said: "The appellant's remaining point is that the Court erroneously admitted evidence of the values of other property not comparable to the land in question, and of sale prices based on hearsay. Appellant failed to designate the instances complained of, leaving it to this Court to search the record for them in order to determine the point raised. It is not the function of the Appellate Court to ascertain what particular questions and answers may be classified under such general objections. Supreme Court Rule 1.08, 42 V.A.M.S.; Ambrose v. M. F. A. Co-op. Ass'n of St. Elizabeth, Mo.Sup., 266 S.W. 2d 647."

The points relied on in the two aforesaid cases contain more particulars than are contained in the points relied on in the instant case. The courts in those two instances found the points did not properly preserve or present anything for appellate review. There are numerous cases holding to the same effect. It is sufficient to conclude this opinion with what we said in the case of Lewis v. Watkins, Mo.App., 297 S.W.2d 595, loc. cit. 598:

"Prior to the Ambrose case, decided in April, 1954, the appellate courts had been very lenient in their enforcement of the penalty of dismissal for failure to comply with the rule here invoked. The court therein, and in numerous subsequent cases, admonished the Bar that obedience to this rule will be enforced. Enforcement thereof will not lead to arbitrariness or injustice. ' "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they be-

speak the dignity arising from obedience. *If they are not to be obeyed, they should be done away with once for all.* A just rule, fairly interpreted and enforced wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case." Sullivan v. Holbrook, 211 Mo. 99, loc. cit. 103–104, 109 S.W. 668, 670. (Italics ours.)' Ambrose v. M. F. A. Co-Op. Ass'n, supra, 266 S.W.2d loc. cit. 648."

We have examined the record in this case and find therein no reason for invoking Supreme Court Rule 3.27, 42 V.A.M.S.

Respondent's motion to dismiss the appeal should be sustained and the appeal is, therefore, dismissed.

WOLFE, P. J., and ANDERSON, J., concur.