Carl V. KERSTING et al., Plaintiffs-Appellants,

v.

CITY OF FERGUSON, Missouri, a Municipal Corporation et al., Defendants-Respondents.

No. 32262.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1966.

Lester W. Duggan, Jr., Florissant, for plaintiffs-appellants.

Carleno & Nick, Ferguson, for defendants-respondents.

BRADY, Commissioner.

This case comes to the writer upon recent reassignment. Plaintiffs' amended petition alleged that they are representatives of a class of resident taxpayers and property owners in Ferguson, Mo., and that they are proceeding under the provisions of our Statutes relating to declaratory judgment actions. (See § 527.010 et seq., R.S.Mo.1959, V.A.M.S.) The theory of plaintiffs' action is that the Charter of the City of Ferguson, Mo., is void, totally and as to certain individual sections thereof, as violative of the constitution of this State, and that certain acts of the City Council are void as violative of certain provisions of the Charter of the City and the Statutes of this State. The trial court sustained defendants' motion to dismiss and plaintiffs perfected their appeal in the Supreme Court of this State. The case was transferred to this court on the grounds that the motion to dismiss raised both constitutional and non-constitutional issues, and since "* * * the record does not indicate which issue was decided, it will be deemed that the trial court ruled the case on applicable nonconstitutional grounds and that the constitutional grounds were *avoided* in the trial court and are therefore not in the case on appeal. * * *" (Mo., 388 S.W.2d 794, l. c. 796)

We are first faced with the disposition of the defendants' motion to dismiss this appeal on the grounds that the plaintiffs' brief fails to comply with the provisions of Civil Rule 83.05(a), (c), (e), V.A.M.R. It is the defendants' position the plaintiffs' brief is totally violative of Civil Rule 83.05 (e), supra, in that none of the points relied upon state what actions or rulings of the trial court are claimed to be erroneous nor why it is contended the trial court was wrong in any ruling it made, but merely

consists of abstract statements of law which are in no way related to any action or ruling of the trial court. In this respect it is to be noted that the appellants' points as stated in their brief are couched in language similar to the following examples: "Point V. * * * 2. The OFFICERS of a municipality, as distinguished from persons holding administrative POSITIONS, are required to be residents of the State for one year next before appointment or election. The public policy of this State obviously demands this requirement. * * * 4. Officers of the City must have some definite tenure of office (Tr. 24, 25). * * * 6. The power to tax shall not be surrendered, suspended or contracted away. Taxes may be levied and collected for public purposes only and shall be uniform upon the same class of subjects and shall be payable during the fiscal year or calendar year in which the property is assessed. All laws exempting property from taxation not exempt by the Constitution shall be void. All persons are entitled to equal rights and opportunity under the law (Tr. 32, 35) * * *."

The defendants place their main reliance upon the failure of the plaintiffs to comply with Civil Rule 83.05(c), supra, in that the plaintiffs' brief does not even contain a page entitled "Statement of Facts", and that nowhere in plaintiffs' brief does there appear any statement which could be fairly construed as " * * * The fair and concise statement of the facts * * * in the form of a statement of the facts relevant to the questions presented for determination. * * *" With regard to this matter it should be noted that the amended petition is lengthy and involved. It occupies approximately seventeen pages of the transcript and consists of two Counts. Count I contains seven paragraphs, one of which is further divided into eighteen subparagraphs. The second Count consists of eighteen separate paragraphs most of which contain at least two separate and distinct allegations of wrongful action by the City Council.

Faced with the defendants' motion to dismiss this appeal, the plaintiffs included with their reply brief a motion to amend their original brief by adopting the Statement of Facts contained in the defendants' brief and incorporating that statement into the plaintiffs' brief by specific reference thereto the same as if it were fully set forth therein. The plaintiffs also moved that we allow them to further amend their brief by inserting in their brief " * * * following the words 'Points Relied On' the following: 'The trial court erred in sustaining the Respondents' Motion to Dismiss Counts I and II of the amended petition, and Appellants offer the following in support of that allegation': * * *." These motions were taken with the case upon submission and are now for our ruling.

The concern repeatedly voiced by the appellate judiciary regarding obedience to Rule 83.05, supra, is based upon an appellant's duty (1) to the court, and (2) to opposing counsel. With regard to his first duty it has been said: " * * * The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. * * *" Sullivan v. Holbrook et al., 211 Mo. 99, 109 S.W. 668, l.c. 670. Considering an appellant's second duty, it should be remembered that " * * * A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it— the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case. * * *" Sullivan v. Holbrook, supra. The concern voiced by Civil Rule 83.09, V.A.M.R., providing for suspension of the rule when good cause is shown or the interest of justice requires has caused appellate courts to be hesitant about enforcement. Yet even when faced with the motion to dismiss plaintiffs' counsel made no effort to show good cause

why this appeal should not be dismissed. Neither does any appear from the record. We have satisfied ourselves that the interest of justice does not require it.

We have now reached the point where the leniency we have evidenced toward the enforcement of Civil Rule 83.05, supra, is in danger of being misinterpreted as license and has reached such proportions that it is now thwarting both the efforts exerted by the courts to enforce the rule and the desire of more competent counsel to obey it. No doubt the latter find it difficult to understand why they are urged to obey a rule we allow less conscientious counsel to violate with impunity.

The instant case is but one example of how this hesitancy to dismiss has been seized upon and results in a flagrant flouting of rules which many years after their adoption have evidently still to be read by some members of the Bar. Here the plaintiffs' counsel does not even include a page entitled "Statement of Facts" in his brief. When the necessity for such a statement was called to his attention he made no effort on his own to correct his error but in a halfhearted manner almost contemptuous of our rules, asks this court for permission to amend his brief by lifting bodily and in toto from the defendants' brief that which was missing from his own. To approve such a request would be to contort Civil Rule 83.05, supra, into the exact opposite of what it says, what it means, and what it was designed to accomplish. It would also effectively destroy the rule. What then could the court do when, as here, not even the defendants' statement of facts is a complete and faithful compliance with Civil Rule 83.05(c). Should we then return to the plaintiffs' counsel, absolve him from blame for ignoring his original obligation, and ask him to supplement defendants' statement with additional facts of his own? If we would do so it would not be long before the respondent would have the primary responsibility to comply with Civil Rule 83.05 (c) and this court would have become an accomplice in what would amount to a total perversion of our own rules.

It is useless to attempt to make the rule any clearer. In opinion after opinion members of the appellate judiciary have plainly and painstakingly explained and by example stated exactly what is required to comply with a rule that is written in language any school boy can understand. No useful purpose can be served by repeated warnings to the Bar. Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, was handed down over twelve years ago and even so that opinion was far from the first expression of judicial concern about this matter. Witness Sullivan v. Holbrook, supra, handed down in 1908. The competent practitioner is well aware of the requirements of the rule and of our concern that they be met. Those in the legal profession who persist in disobedience are evidently totally unfamiliar with the case law of this State and are fixed in their determination to remain so.

The time for more drastic action has long since passed. Should our leniency continue we would be as guilty of destroying the effectiveness of a just and reasonable rule as are offending counsel. If the rule is to remain in effect it should be enforced; if it is not to be enforced then it should be abolished. In view of the continued unsatisfactory state of many of the briefs we receive and the volume of appellate work in this State, absent our action in this and similar cases, appellate procedure in Missouri may reach the chaotic state Mr. Justice Davis predicted it would reach in Texas unless a similar rule was enforced. See his dissent in the City of Houston v. Dancer, 377 S.W.2d 858, l.c. bottom of the first column p. 862. We must not allow continued disobedience to our rules to place "things" in Missouri in a similar geographic configuration.

The appeal is dismissed for failure to comply with Civil Rule 83.05, supra. Plaintiffs' motion is overruled. Costs are to be taxed against the plaintiffs.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The appeal is dismissed for failure to comply with Civil Rule 83.05, supra. Plaintiffs' motion is overruled. Costs are to be taxed against the plaintiffs.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.