**STATE of Missouri, Respondent,**

**v.**

**Richard William SIBLEY, Jr., Appellant.**

**No. 51814.**

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Carl R. Gaertner, Special Asst. Atty. Gen., St. Louis, for respondent.

James A. Bell, St. Louis, for appellant.

HENLEY, Judge.

Defendant was charged by indictment with rape of a female child under the age of sixteen years. Section 559.260, RSMo 1959, V.A.M.S. A jury found him guilty of the charge and assessed his punishment at imprisonment for life. His motion for new trial was overruled. Sentence and judgment were in accordance with the verdict, and he appeals. He was represented throughout the trial by counsel who has filed a brief in his behalf in this court.

The evidence would warrant a finding of the following facts. On the afternoon of January 20, 1965, prosecutrix, age 11, while on an errand for her aunt, was abducted by defendant and forced to accompany him to an apartment in a vacant house at 3222 Chouteau Avenue in the City of St. Louis. Taking prosecutrix into the bedroom defendant undressed and made her undress and get into bed. She testified that he then " * * * put his private parts in mine * * * " and later during the remainder of the night, forced her to engage in unnatural sexual acts with him. Sometime after daylight the following day defendant went to sleep and she escaped, going directly to the home of a neighbor whom she informed of her ordeal. The neighbor called the police. Police officers arrived within a short time and prosecutrix gave them a description of defendant and related to the officers what had happened to her from the time of her abduction until her escape that morning. After searching for, but failing to find defendant where the offense occurred, the officers took her to City Hospital where they were met by prosecutrix' mother and aunt.

Dr. James Bacon examined prosecutrix at the hospital during the afternoon of Janury 21. He testified that he did a pelvic examination and found multiple hemorrhagic, raw or reddened areas and a rupture of the hymenal ring, evidence of a forcible penetration of prosecutrix' female organ within the previous 24 to 48 hours.

Defendant was arrested and taken in custody at 3140 Chouteau Avenue on February 1, 1965. Prosecutrix positively identified defendant as her attacker, both at the police station and at the trial.

Defendant briefs five points. In his first point defendant contends that the court

erred in permitting the state to cross-examine him pertaining to the type of discharge he received upon his release from military service. Defendant asserts that this examination was an attack upon his character, when his character was not in issue; that the examination went beyond the scope of his examination in chief and was an improper attempt to impeach his credibility. We note that his objection at the trial was on the sole ground that the inquiry went " * * * beyond the scope of the examination in chief." During cross-examination regarding his employment, defendant volunteered information that he had been discharged from the service recently. Pursuing that information, counsel for the state asked "when" he was discharged and whether his discharge was honorable. He answered: "I had a medical discharge." Asked whether he was " * * * sure of that * * *," he again volunteered: "I had an undesirable discharge at the beginning, but they * * * changed it * * *" to a medical discharge; that it was not a dishonorable discharge. Twice during this brief portion of cross-examination the court cautioned defendant that he limit his answers to the questions asked, but he failed to heed this advice. After an objection to further interrogation on this subject was sustained, counsel for the state, out of the hearing of the jury, sought permission to pursue this line of interrogation and offered to prove that defendant had been dishonorably discharged as a result of a charge of child molestation. The request and offer were denied.

■ Of course, the defendant may be cross-examined as to previous convictions of other felonies for the purpose of impeaching his credibility as a witness, even if he did not testify as to such convictions on his direct examination, but he may not be examined for this purpose pertaining to previous arrests or mere charges against him. State v. Rumfelt, Mo., 258 S.W.2d 619, 620 [1–3] and cases there cited; State v. Himmelmann, Mo., 399 S.W.2d 58, 62 [3]. This examination of defendant properly was halted by the court when it was disclosed that it could lead to no more than proof of a charge of child molestation, rather than a conviction therefor.

■ When the examination was halted, the only evidence before the jury as to the type of military discharge defendant had received was that it was " * * * a medical discharge * * * not a dishonorable discharge, * * * *" information defendant had volunteered against the cautionary advice of the court. This evidence certainly was not prejudicial to defendant's rights; and, under the circumstances in which it was received by the jury, his claim of error has no merit.

■■ Defendant's points two and four are essentially the same and may be discussed together. First, defendant contends that the court erred in permitting counsel for the state to argue " * * * the prevalence of crime in the community * * * *" as a reason for conviction. We have read the argument. Defendant's objection, outside the hearing of the jury, anticipated such argument, but not one word was mentioned in the state's argument about the prevalence of crime in the community. Second, defendant contends that the court erred in overruling his objection to argument that " * * * defendant should not be allowed on the streets * * *." A fallacy in the contention is that defendant made no objection to this portion of the argument. The point will not be reviewed, because not based upon an objection made at the time of the alleged error. State v. Martin, Mo., 346 S.W.2d 71, 73 [6]; State v. Brookshire, Mo., 353 S.W.2d 681, 688 [17]. Moreover, that portion of the argument to which defendant now objects is taken out of context. The argument that defendant " * * * doesn't belong on the streets * * *" was part of an appeal to the jury to assess such penalty as would be a deterrent to commission of similar offenses by others, and was not improper. State v. Allen, Mo., 343 S.W.2d 63, 67 [12].

Defendant's point three is that the court erred in overruling his objection to the testimony of prosecutrix that during the night someone came to the door of the room in which defendant and prosecutrix were in bed and called out, "Open the door, Richard [defendant]." Defendant contends that this testimony was not admissible, because " * * * there was no identity of the person * * * [or] the voice and same was hearsay and not a part of the Re[s] Gestae." The testimony of the prosecutrix that some unidentified person requested that defendant open the door was not hearsay, but was a statement of the fact of an occurrence during the night. Both the defendant and the state cite State v. Sarkis, Mo., 313 S.W. 2d 723, 726 [5], in support of their respective positions as to whether this evidence was admissible as part of the res gestae. The Sarkis case is authority for the state's position that the evidence was admissible. There is no merit in defendant's point and it is denied.

Defendant's last point is that the court erred " * * * in allowing rebuttal witness to testify at [about] additional facts without rebutting anything defendant had said in that the rebuttal witness introduced new matters not covered in defendant's testimony in chief." Two police officers testified in rebuttal. Defendant does not state which one of the rebuttal witnesses' testimony he objects to, nor does he identify the testimony he asserts is not proper rebuttal, nor does he indicate the page of the transcript where it may be found. Reference to his motion for new trial does not assist us in determining specifically what rebuttal testimony he has reference to. We decline to seine through the testimony of defendant and two other witnesses in an effort to ascertain "additional facts" or "new matters," if any, testified to by the police officers which were not in rebuttal of defendant's testimony. It was the duty of defendant to point out distinctly in his brief the specific rebuttal testimony he has reference to, wherein and why it was not in proper rebuttal, and to indicate where the testimony may be found in the transcript. Defendant has failed to comply with Civil Rule 83.05, V.A.M.R., made applicable to criminal cases by Rule 28.18. For the reasons stated, we decline to review the last point.

Examination of the record as required by Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.