**7**

**STATE ex rel. Virgil C. ZIMMERMAN, Plaintiff-Appellant,**

v.

**John J. QUINN, Excise Commissioner of the City of St. Louis, Defendant-Respondent.**

**No. 32859.**

St. Louis Court of Appeals.

Missouri.

May 21, 1968.

Dewey S. Godfrey, St. Louis, for plaintiff-appellant.

Thomas F. McGuire, City Counselor, Conqay B. Briscoe, Jr., Asst. City Counselor, St. Louis, for defendant-respondent.

WOLFE, Judge.

This is an appeal from a judgment of the Circuit Court affirming an order of the Excise Commissioner of the City of St. Louis. The Excise Commissioner denied an application by Virgil C. Zimmerman for the renewal of a full drink liquor license for his establishment known as the Rendevous Lounge. The respondent moved to dismiss the appeal because appellant's brief does not comply with Civil Rule 83.05, V.A.M.R.

That rule provides in orderly sequence what an appellant's brief shall contain. It consists of four simple requisites. The first of these is that it shall contain "A concise statement of the grounds on which jurisdiction of the review court is invoked." The second is, "A fair and concise statement of the facts without argument." The third is, "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and *why* they are claimed to be erroneous, with citation of authorities thereunder; * * *." (Emphasis ours.) The fourth is, "An argument which shall substantially follow the order of 'Points Relied On' * * *."

The brief filed by the appellant in this case is deficient in both the first and second requirements. The deficiency in these two areas might be overlooked but the third is essential. The brief here fails to state "wherein and why" the court erred in the matter upon which he seeks review. He cites no authorities. The most glaring defect in the brief is that the fourth requirement is completely lacking. The brief contains no argument.

The rule as to briefs must be followed. Kersting v. City of Ferguson, Mo. App., 408 S.W.2d 165. The appellant has not done so and the motion to dismiss the appeal must be and is sustained.

The appeal is dismissed for failure to comply with Civil Rule 83.05, V.A.M.R.

ANDERSON, P. J., and RUDDY, J., concur.