**MIDWEST LUMBER CO., INC.,**
**Plaintiff-Respondent,**

v.

**Eugene SELLERS, Defendant-Appellant.**

**No. 10371.**

Missouri Court of Appeals,
Springfield District.

Sept. 22, 1977.

**510**

John E. Curran, Lake Ozark, for plaintiff-respondent.

Carl F. Sapp, Columbia, for defendant-appellant.

STONE, Judge.

In this suit on an open running account Midwest Lumber Company, Inc. (Midwest), plaintiff in the trial court and respondent here,[1] sought to recover from defendant-appellant Eugene Sellers for building materials furnished to him. Upon trial by the court, judgment was entered for plaintiff in the sum of $4,752.40, which included $3,437.59 principal and $1,314.81 interest. Defendant Sellers appeals.

Rule 84.04 V.A.M.R. treats of the contents and requisites of appellate briefs. Paragraph (a) of that rule specifies "[a] statement of the facts" as one of the essentials in "[t]he brief for appellant"; and paragraph (c) of the same rule requires that "[t]he statement of facts shall be a fair and concise statement of *the facts relevant to the questions presented for determination*

without argument." (Emphasis ours) The "Statement of Facts" in the brief of instant defendant-appellant Sellers consists of the following four sentences:

"STATEMENT OF FACTS"

"The Respondent in this case filed suit against the Appellant in the Circuit Court of Camden County on an open running account (TR 2) for building materials and supplies allegedly furnished to the Defendant and seeking a judgment for $3,447.54 (TR 3). Defendant by its answer generally denied all averments of Plaintiff's Petition and specifically denied the Corporate Existence of the Plaintiff (TR 9) and alleged as a separate affirmative defense that the material, if any, was delivered and sold to 'Mistwood, Inc.,' a Missouri corporation (TR 9). The case proceeded to trial March 3, 1976, to the Court without a jury and after hearing the evidence on the issues the cause was taken under advisement March 3, 1976 (TR 7). Judgment was entered two months later on the 5th day of May, 1976, for the Plaintiff and against the Defendant for $3,437.59 principal and for interest in the sum of $1,314.81 (TR 127–A)."

It is immediately apparent and patently plain that defendant-appellant's above-quoted four-sentence "Statement of Facts" is nothing more than a thumbnail sketch of the pleadings and judgment that does not purport to state, summarize or even allude to any of the *testimony* or *evidence* supporting or bearing upon either (a) plaintiff-respondent's position and the trial court's judgment for plaintiff[2] or (b) any of defendant-appellant's "Points Relied On."[3] In situations of the foregoing character, the wages of dereliction in failing to heed the

1. *Sellers'* brief incorrectly identifies him as *plaintiff*-appellant and Midwest as *defendant*-respondent, while *Midwest's* brief inaccurately identifies Sellers as *plaintiff-respondent* and Midwest as *defendant-appellant.*

2. *Walker v. Allebach*, 354 Mo. 298, 300, 189 S.W.2d 282, 283(3) (1945); *Cady v. Kansas City Southern R. Co.*, 512 S.W.2d 882, 885(6) (Mo.App.1974); *Geiler v. Boyer*, 483 S.W.2d 773, 774(2) (Mo.App.1972); *Glick v. Glick*, 360 S.W.2d 333, 335(1) (Mo.App.1962); *In re*

*Adoption of P.J.K.*, 359 S.W.2d 360, 363(3) (Mo. App.1962).

3. *Walker v. Thompson*, 338 S.W.2d 114, 117(8) (Mo.1960); *Jacobs v. Stone*, 299 S.W.2d 438, 440(1) (Mo.1957); *Overall v. State*, 540 S.W.2d 637, 638(2) (Mo.App.1976); *Hughes v. Wilson*, 485 S.W.2d 620, 621(1) (Mo.App.1972); *DeCharia v. Fuhrmeister*, 440 S.W.2d 182, 183(1) (Mo. App.1969).

applicable rule requirement frequently has been dismissal of the appeal.[4]

Almost seven decades ago, our Supreme Court per Judge Henry Lamm, an eminent and renowned master of both the law and the English language, sagely declared in *Sullivan v. Holbrook*, 211 Mo. 99, 109 S.W. 668, 670 (1908), that:

> "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men, viz., those who labor to obey it—the very ones it should not injure." [5]

To denominate the segment of instant defendant-appellant's brief under consideration as a "Statement of Facts" within the contemplation and meaning of Rule 84.04(c) would be farcical. The veritable deluge of cases at this appellate level no longer admits of our ignoring or winking at such blatant and flagrant disregard of plain requirements. Satisfied, as we are after scanning ex gratia other segments of defendant-appellant's brief and the transcript, that our summary disposition of this appeal will work no substantive injustice, we conclude without doubt or hesitancy that defendant's appeal should be dismissed.

It is so ordered.

BILLINGS, C. J., concurs.

HOGAN, TITUS and FLANIGAN, JJ., concur.

4. *Page v. Laclede Gas Light Co.*, 245 S.W.2d 23 (Mo.1952); *Graff v. Montileone*, 523 S.W.2d 131 (Mo.App.1975); *Glick v. Harris*, 518 S.W.2d 227 (Mo.App.1974); *Power v. Automobile Club Inter-Insurance Exchange*, 516 S.W.2d 541 (Mo.App.1974); *Pioneer Finance Co. v. Washington*, 419 S.W.2d 466 (Mo.App. 1967); *Gorman v. Kauffman*, 188 S.W.2d 70, 71(1, 2) (Mo.App.1945); *Beck v. Security Ben. Ass'n.*, 129 S.W.2d 1073, 1074(1) (Mo.App. 1939); *Le Clair v. Le Clair*, 77 S.W.2d 862, 863–64(1, 2) (Mo.App.1934).

5. Missouri courts have approved Judge Lamm's statement, in many instances quoting it in full [*Ambrose v. M.F.A. Cooperative Ass'n.*, 266 S.W.2d 647, 648 (Mo.banc 1954); *Walker v. Thompson*, 338 S.W.2d 114, 118 (Mo. 1960); *State v. White*, 529 S.W.2d 22, 25 (Mo. App.1975); *Cope v. McClain*, 529 S.W.2d 6, 7 (Mo.App.1975); *Starman v. John Wolfe, Inc.*, 490 S.W.2d 377, 381 (Mo.App.1973); *Glick v. Glick*, 360 S.W.2d 333, 335 (Mo.App.1962); *Lane v. Nixon*, 326 S.W.2d 418, 420 (Mo.App. 1959); *Stanton v. Phillips*, 318 S.W.2d 516, 518 (Mo.App.1958); *Lewis v. Watkins*, 297 S.W.2d 595, 598 (Mo.App.1957)] and in other instances quoting substantial portions thereof. *Patterson v. Wilmont*, 245 S.W.2d 116, 119 (Mo. 1952); *Doehler v. Village of Cool Valley*, 498 S.W.2d 621, 622 (Mo.App.1973); *Kansas City v. Howe*, 416 S.W.2d 683, 690–91 (Mo.App. 1967); *Kersting v. City of Ferguson*, 408 S.W.2d 165, 166 (Mo.App.1966).