**Robert Curtis MITCHELL, et al.,
Plaintiff/Appellant,**

**v.**

**John W. BRISCOE, et al.,
Defendant/Respondent.**

**No. 57427.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1990.

Robert Curtis Mitchell, Clarksville, for plaintiff/appellant.

**618**

Marion F. Wasinger, Hannibal, for defendant/respondent.

GRIMM, Judge.

Plaintiffs petition for damages for legal malpractice was dismissed pursuant to defendant's motion to dismiss.* Plaintiffs appeal pro se. Their appeal is dismissed for failure to comply with Rule 84.04.

■ Rule 84.04(c) requires that plaintiffs' brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(h) requires that the statement of facts have "specific page references to the legal file or the transcript."

Plaintiffs' three page statement of facts does not mention the malpractice action. Rather, it refers to actions which apparently occurred in the previous underlying action, most of which are not in the legal file presented to us. No page references to the legal file are made; apparently, no record of the motion proceedings was made. The statement of facts does not comply with Rule 84.04(c) and (h).

■ Rule 84.04(d) requires that the points relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Plaintiffs' brief contains two points. They are: 1) "The trial court erred in sustaining a motion by (Briscoe, et al.) to dismiss because the trial court lacked jurisdiction over the subject matter," and 2) "The trial court erred in sustaining a motion by (Briscoe, et al.) to dismiss because the trial court did not disqualify Mr. Wassinger as Mr. Briscoe's attorney."

Neither point relied on complies with Rule 84.04(d). The points do not state "wherein and why" the actions of the trial court are erroneous. "The requirements of Rule 84.04(d) are mandatory." *Roden v. Tofle,* 779 S.W.2d 290, 293 (Mo.App.W.D. 1989).

■ Rule 84.04(e) requires that the argument section "substantially follow the order of 'Points Relied On.' " Here, the argument section is apparently one which was presented to this court in the underlying case, *Stone v. Mitchell,* 745 S.W.2d 223 (Mo.App.E.D.1987). It is not relevant to the motion to dismiss and does not comply with Rule 84.04(e).

Further, plaintiffs' first point claims "the trial court lacked jurisdiction over the subject matter." Read literally, if such were correct, the granting of plaintiffs' first point would result in the sustention of the trial court's order of dismissal.

Plaintiffs have the right to appeal their own case. They are bound, however, "by the same rules of procedure as those admitted to practice law and [are] entitled to no indulgence [they] would not have received if represented by counsel." *Johnson v. St. Mary's Health Center,* 738 S.W.2d 534, 535 (Mo.App.E.D.1987).

Plaintiffs' appeal is dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

* We have examined plaintiffs' petition. It alleges defendant and other attorneys were negligent in failing to raise a statute of limitations affirmative defense in an underlying action brought against plaintiffs.

The underlying action contained four counts. Count I sought cancellation of a deed conveying land to plaintiff Robert Curtis Mitchell; it alleged fraudulent misrepresentations by him. Count II sought a declaration the land was being held by plaintiff Robert Curtis Mitchell in trust and sought an accounting. Count III alternatively sought a resulting trust and accounting. Count IV sought partition.

Defendants, on behalf of the present plaintiffs, filed an answer to the underlying action, as well as a counterclaim to quiet title, in April, 1984. A first amended petition was filed April 5, 1985; a timely answer and counterclaim was filed.

In their malpractice petition, plaintiffs allege the underlying action was settled by plaintiffs paying $75,000 in August, 1985.

We have examined the malpractice petition. The trial court did not err in sustaining the motion to dismiss.