MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Plaintiff–Respondent,

v.

Wayne TAYLOR, Defendant,

and

Betty Lou Taylor, Defendant–Appellant.

No. 17759.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 2, 1992.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 25, 1992.

Application to Transfer Denied
Nov. 24, 1992.

Betty L. Taylor, pro se.

Janice E. McCain, Asst. Counsel, Springfield, Donald E. Meyer, District Counsel, Rich Tiemeyer, Chief Counsel, Jefferson City, for plaintiff-respondent.

MONTGOMERY, Presiding Judge.

On September 19, 1988, the trial court permanently enjoined Defendants Wayne Taylor and Betty Lou Taylor (Betty) from the operation or maintenance of a junk yard, in violation of §§ 226.650 through 226.720, RSMo 1978.[1] They were ordered to file a "certification of compliance with this Judgment" within four months from said date or file a written "acknowledgment of compliance from Plaintiff." No appeal was perfected from this judgment.

On January 2, 1990, Plaintiff Missouri Highway and Transportation Commission filed its "Petition for Order to Show Cause Why Defendant should not be Punished for Contempt for Violating Injunction." A show cause hearing was held, and on September 12, 1991, Defendants were found in contempt of the September 19, 1988, order. Defendants were ordered to remove bricks, concrete blocks, and "all other materials, junk and debris located on the subject property." The court further ordered a $100 per day fine assessed against Defendants until compliance with the order. Imposition of the fine was stayed until October 1, 1991, so that should Defendants comply with the order no fine would be assessed. Only Betty appeals from the September 12, 1991, order.

Betty appeals pro se. Her brief consists of six pages. The statement of facts, containing 16 lines, covers less than one page. The argument section is just over one page in length and, like the statement of facts, contains no page references to the transcript. More later on Betty's points relied on.

Respondent has filed a motion to dismiss the appeal pointing out numerous and seri-

---

1. §§ 226.650 through 226.720, RSMo 1978, are the same sections as those found in RSMo 1986.

ous deficiencies of Betty's brief. For reasons which follow, the motion must be sustained.

The requirements for an appellant's brief are found in Rule 84.04.[2] Pertinent portions of the rule are:

. . . . .

(c) The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument....

(d) The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

(e) The argument shall substantially follow the order of "Points Relied On."

. . .

. . . .

(h) All statements of fact and argument shall have specific page references to the legal file or the transcript.

### STATEMENT OF FACTS

■ After reciting a brief procedural history of the case, the "facts" in Betty's brief are stated in one sentence. That sentence reads, "Defendants removed forty (40) cars and several truck loads of car parts, sorted and stacked all lumber that was to be used in the construction of a pole barn and removed all tin except what was to be used in the roof and sides of the pole barn." As stated, no page references to the transcript are found.

Clearly, Betty violates Rule 84.04(c) by failure to recite any facts relevant to the questions presented for determination. In *Overall v. State*, 540 S.W.2d 637 (Mo.App. 1976), appellant's single-page statement of facts was merely a history of the case. Dismissal of the appeal followed after the Court said, "We can no longer tolerate gross inadequacy in appellate briefs." *Id.*

at 638. Here, the statement of facts differs little from *Overall.*

The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952). *See Pioneer Finance Co. v. Washington*, 419 S.W.2d 466, 468 (Mo.App.1967); *Porter's Ready–Built, Inc. v. Plummer*, 685 S.W.2d 236, 237 (Mo.App.1985).

■ Even though our courts have been hesitant to dismiss an appeal based on an inadequate statement of facts, violation of Rule 84.04(c) is grounds for such action. *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App.1990). *See Claspill v. City of Springfield*, 598 S.W.2d 183, 185 (Mo.App. 1980); *Robinson v. Laclede Gas Co.*, 553 S.W.2d 495, 496 (Mo.App.1977).

Of course, perfection is not required, only reasonable compliance. Nevertheless, it is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively correct and the appellant has the burden to demonstrate that it is erroneous. If the court is to adjudicate the appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely.

*Thompson*, 786 S.W.2d at 892 (citations omitted).

Betty has totally failed to state relevant facts accurately and concisely. We can no longer ignore plain disregard for the requirements of Rule 84.04. As this Court said in *Midwest Lumber Co., Inc. v. Sellers*, 556 S.W.2d 509 (Mo.App.1977), "The veritable deluge of cases at this appellate level no longer admits of our ignoring or winking at such blatant and flagrant disregard of plain requirements." *Id.* at 511.

### POINTS RELIED ON

■ Betty framed her points relied on as follows:

---

**2.** Rule references are to Missouri Rules of Court (1992).

### I.

The trial court erred in that it mistakenly applied the law with regard to the application of the statutorial definition of "junk", RSMo 226.660, to usable building materials, concrete block and brick.

### II.

Evidence was insufficient to support a verdict for plaintiff, as plaintiff failed to produce by way of either evidence or testimony its claim of non-compliance.

### III.

Bricks and blocks were not specifically designated as junk or debris until Judge Anderson's decision September 12, 1991. And therefore, should not have been included as evidence against appellants in contempt hearing.

Each of these points violate Rule 84.04(d) for failure to state wherein and why a challenged action or ruling of the court is erroneous. *Estate of Goslee*, 807 S.W.2d 552, 555–56 (Mo.App.1991). The three components of a point relied on are:

(1) a concise statement of the challenged ruling of the trial court,

(2) the rule of law which the court should have applied (the *why* of Rule 84.04(d)), and

(3) the evidentiary basis upon which the asserted rule is applicable (the *wherein* of Rule 84.04(d)).

*Id.* at 556. The leading case of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), thoroughly discusses the requirements of Rule 84.04(d). Betty's points reflect the same deficiencies as those condemned in *Thummel.*

The requirements of Rule 84.04(d) are mandatory, *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988), and points which violate that rule preserve nothing for review. *Midwest Materials Co. v. Village Dev. Co.*, 806 S.W.2d 477, 483 n. 1 (Mo.App. 1991). The points raised by Betty are only an invitation for us to search the record for error, thus becoming her advocate. We cannot accept her invitation.

### *ARGUMENT*

■ In slightly over one page of argument Betty makes no attempt to relate the argument to her points relied on. The argument must substantially follow the order of the "Points Relied On." Rule 84.04(e). Failure to do so obviously violates the rule. *Mitchell v. Briscoe*, 803 S.W.2d 617, 618 (Mo.App.1990).

Betty is entitled to appeal her case, but she is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence she would not have received if represented by counsel." *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535 (Mo.App.1987).

■ As shown, Betty's brief falls far short of compliance with Rule 84.04. Allegations of error not properly briefed "shall not be considered in any civil appeal...." Rule 84.13(a). Respondent's motion to dismiss is well taken and hereby is sustained.

Appeal dismissed.

MAUS and PREWITT, JJ., concur.